# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MATEUSZ WOLYNSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-CV-1158 SRW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Mateusz Wolynski's Application for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 21. On May 13, 2022, this Court reversed the Commissioner's decision and remanded Plaintiff's case for further proceedings. Plaintiff now seeks attorney's fees in the amount of Five Thousand, Six Hundred and Eighty-Four Dollars and Fifty Cents ($5,684.50). This amount is based on 19.40 hours of attorney work at $218.00 per hour for work performed in 2021 and 6.30 hours of attorney work at $231.00 per hour for work performed in 2022. Plaintiff requests compensation at the statutory hourly rate of $125.00, plus a cost-of-living adjustment, pursuant to 28 U.S.C. § 2412(d). Plaintiff further requests the award of attorney's fees be made payable to Parmele Law Firm based upon the Assignment of EAJA Fee agreement. *See* ECF No. 21-3.

The Commissioner filed a response asserting, "Defendant has no objection to Plaintiff's request for attorney fees under the EAJA in the amount of $5,684.50." ECF No. 22 at 1. The Commissioner requests the EAJA fee to be payable to Plaintiff as the litigant, which may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States. *Id*.

The Court has reviewed Plaintiff's Application for Attorney's Fees pursuant to the EAJA, and concludes the statutory requirements are met. By Order and Judgment of Remand dated May 13, 2022, the Court remanded this case to defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 19, 20. A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if he or she receives a "sentence four" remand. *See Shalala v. Schaefer*, 509 U.S. 292, 295-96 (1993).

Attorney's fees may not be awarded in excess of $125.00 per hour – the maximum statutory rate under § 2412(d)(2)(A) – unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). However, the hourly rate should be increased where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as the Consumer Price Index. *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990). In this case, Plaintiff has presented uncontested evidence of an increase in the cost of living. *See* ECF Nos. 21 at 3-4, 21-5. The Court agrees with Plaintiff that a cost-of-living increase is appropriate.

As Plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds he is entitled to attorney's fees in the amount of Five Thousand, Six Hundred and Eighty-Four Dollars and Fifty Cents ($5,684.50). Despite Plaintiff's request for the Court to make the fee payable directly to Parmele Law Firm, as an assignee, the Court must instead make the fee payable to Plaintiff as the litigant. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) (holding EAJA fees are payable to the prevailing party and may be subject to offset to satisfy any

pre-existing debt owed to the United States); *see also Johnson v. Colvin*, No. 4:11-CV-1599 AGF, 2013 WL 5567711, at *1 (E.D. Mo. Oct. 9, 2013) ("The Court understands *Ratliff* to require that the EAJA award be made directly to Plaintiff."); *Madison v. Astrue*, No. 4:11-CV-238-TIA, 2012 WL 2919135, at *1 (E.D. Mo. July 17, 2012) (providing award of attorney's fees directly to the plaintiff despite the execution of an assignment agreement).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Mateusz Wolynski's Petition for Attorney's Fees pursuant to the Equal Access to Justice Act [ECF No. 21] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security Administration shall pay attorney's fees under the Equal Access to Justice Act in the amount of Five Thousand, Six Hundred and Eighty-Four Dollars and Fifty Cents ($5,684.50).

**IT IS FURTHER ORDERED** that the award of attorney's fees shall be made payable to Plaintiff Mateusz Wolynski, subject to any pre-existing debt which the Plaintiff owes the United States, and the check should be mailed to Plaintiff's counsel at Kelsey Young, Parmele Law Firm PC, 1505 East Bradford Parkway, Springfield, Missouri 65804.

So Ordered this 8th day of August, 2022.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE