UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATEUSZ WOLYNSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-1158 SRW |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion filed by Kelsey Young of Parmele Law Firm for an award of attorney's fees under 42 U.S.C. § 406(b). ECF No. 24. The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Ms. Young requests attorney's fees in the amount of $14,251.23. The Commissioner filed a response asserting it "neither supports nor opposes counsel's request for attorney's fees in the amount of $14,251.23."[1] ECF No. 25. For the following reasons, the Court will grant Ms. Young's request.

### Background

On September 27, 2021, Plaintiff filed a Complaint seeking review of the Commissioner's decision that Plaintiff was not under a disability within the meaning of the Social Security Act. ECF No. 1. The Commissioner filed a certified transcript of the administrative proceedings. ECF No. 9. Plaintiff filed a brief in support of the complaint. ECF No. 10. The Commissioner filed a response. ECF No. 17. Plaintiff filed a reply. ECF No. 18.

---

[1] "The Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (citations omitted).

The Court reviewed the parties' briefs and the entire administrative record, including the transcripts and medical evidence. By Order and Judgment of Remand dated May 13, 2022, the Court remanded the case for a new hearing before the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 19, 20.

On July 25, 2022, Plaintiff's attorney, Kelsey Young, filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 21. Ms. Young sought attorney's fees in the amount of $5,684.50. This amount was based on 19.40 hours of attorney work at $218.00 per hour for work performed in 2021 and 6.30 hours of attorney work at $231.00 per hour for work performed in 2022. Plaintiff requested compensation at the statutory hourly rate of $125.00, plus a cost-of-living adjustment pursuant to 28 U.S.C. § 2412(d). The Commissioner had no objection to the request or amount. Thus, on August 8, 2022, the Court granted Ms. Young's motion for attorney's fees in the amount of $5,684.50.

**Motion for Attorney's Fees under 42 U.S.C. § 406(b)**

On August 1, 2023, Ms. Young filed the instant motion for an award of attorney's fees under 42 U.S.C. § 406(b). ECF No. 24. She asserts that after this Court's remand, Plaintiff appeared at another hearing, and the ALJ issued a favorable decision finding Plaintiff disabled as of December 1, 2018. *See* ECF Nos. 24-1 at 2; 24-3. As a result, Plaintiff was awarded $85,804.90 in past-due benefits under Title II of the Social Security Act through May of 2023. ECF No. 24-4 at 3. Plaintiff will also receive $1,846.00 on or about the third Wednesday of each month. *Id.* at 1.

To support the instant motion, Ms. Young refers to the "Fee Agreement for Representation in United States District Court," which Plaintiff signed on September 23, 2021.

The Agreement states in pertinent part:

> 3. I agree that should I receive my benefits from the Administration after winning a remand or reversal from the United States District Court my attorney is entitled to 25% of my back pay for work performed in front of the United States District Court. I further acknowledge that should my attorney receive fees pursuant to § 406(b), I will be refunded the lesser amount of either the § 406(b) fees or the fees collected under 28 U.S.C. § 2412.

ECF No. 24-5.

Ms. Young indicates she received $7,200 for work performed before the Social Security Administration. *See* ECF No. 24-1 at 3. She now seeks reimbursement in the total amount of $14,251.23, which is 25% of the total past due benefits ($85,804.90 x 25% = $21,451.23) minus the $7,200 in representative fees already awarded, as a 42 U.S.C. § 406(b) fee. The Commissioner does not oppose the amount requested to be paid out of Plaintiff's past-due benefits in accordance with agency policy.

**Legal Standard**

Under the Social Security Act, a court that renders a judgment favorable to a Title II claimant may award reasonable attorney's fees not to exceed 25% of the total of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). "[N]o other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Id.* If an attorney charges or collects any other type of fee for service governed by this paragraph, the attorney "shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both." § 406(b)(2).

The United States Supreme Court considered the payment of attorney's fees under § 406 in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002):

> What is the appropriate starting point for judicial determinations of "a reasonable fee for [representation before the court]"? [citing § 406(b)]. Is the contingent-fee agreement between claimant and counsel, if not in excess of 25 percent of past-due benefits,

3

presumptively reasonable? Or should courts begin with a lodestar calculation (hours reasonably spent on the case times reasonable hourly rate) of the kind we have approved under statutes that shift the obligation to pay to the loser in the litigation?

*Id.* at 792.

The Court noted, "Given the prevalence of contingent-fee agreements between attorneys and Social Security claimants, it is unlikely that Congress, simply by prescribing 'reasonable fees,' meant to outlaw, rather than to contain, such agreements." *Id.* at 805. *Gisbrecht* also found it unlikely that in 1965, when Congress provided for "a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later." *Id.* at 806. As the Court observed, the lodestar method was designed to regulate the imposition of attorney's fees against the losing party. In those cases, "nothing prevents the attorney for the prevailing party from gaining additional fees, pursuant to contract, from his own client." *Id.*

*Gisbrecht* rejected the lodestar approach and held that "§406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.

In determining whether a requested fee amount is reasonable, the court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. The Court may reduce the fee award when the representation is deficient, when counsel delayed the proceedings to increase the benefits from which the fee was payable, or when the "benefits are large in comparison to the amount of time counsel spent on the case." *Id.* Additionally, when

4

there is an award of attorney's fees under both Section 406(b) and the EAJA, then the plaintiff's attorney must refund to the client the amount of the smaller fee. *Id.* at 796.

### Discussion

Plaintiff received $85,804.90 in total past-due benefits after being represented by Ms. Young. ECF No. 24-4 at 3. He was additionally awarded future monthly payments of $1,846.00. *Id.* at 1. Plaintiff's attorney's fee agreement entitles Ms. Young to 25% of the past-due benefits, or $21,451.23. ECF No. 24-5. As Ms. Young previously received $7,200 for her services before the Commission, Ms. Young seeks $14,251.23 ($21,451.23 minus $7,200 previously awarded). The requested fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." § 406(b)(1)(A).

The Court finds Ms. Young's attorney's fee request to be in accordance with her written contract with Plaintiff, and is in compliance with § 406(b)(1)(A) as her fee request does not exceed 25% of the total of the past-due benefits awarded. However, § 406(b) requires the Court to review the fee agreement as an "independent check" to assure the fee yields a reasonable result in this case. *Gisbrecht*, 535 U.S. at 807.

In justifying the reasonableness of this fee, Ms. Young states that she undertook a risk when she agreed to represent Plaintiff because successful results in Social Security disability appeals are statistically low, and Plaintiff's own case had already been denied at multiple levels of agency review prior to the initiation of the civil action. Ms. Young further highlights her decade of experience and expertise in handling Social Security disability cases, and the effective and efficient representation she provided in this case. Ms. Young further notes that "Plaintiff will receive not only past-due benefits wrongly denied but also ongoing Title II benefits until he dies,

5

reaches retirement age, or becomes no longer disabled," thus, "the value to the Plaintiff of this civil action is not limited to the past-due benefits he receives." *Id.* at 10.

The Supreme Court first directs the reviewing court to consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. After a fairly long and unsuccessful battle with his Social Security disability claim, Plaintiff retained Ms. Young to represent him before the United States District Court. Plaintiff agreed to the twenty-five percent contingent-fee payment arrangement when he signed the Fee Agreement. The Fee Agreement comports with Section 406(b)'s requirements because it limits the award to twenty-five percent of the total past-due benefits awarded. The Supreme Court has noted that contingency agreements for the statutory maximum of twenty-five percent "are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800. Nothing suggests the agreement in this case was unreasonable when entered. The Court finds it would be unfair to penalize Ms. Young from receiving the benefit of her bargain with Plaintiff by paying her less than the amount Plaintiff agreed to pay in the Fee Agreement. Thus, the Court finds "the character of the representation" was reasonable and lawful.

Next the Court must consider "the results the representative achieved." *Id.* at 808. Ms. Young competently represented Plaintiff and achieved a very successful final result for her client. The record in this matter was 974 pages, which counsel thoroughly reviewed in order to present a sixteen-page brief in support of the Complaint, in addition to a Reply brief. There is no evidence in the record or allegation from the Commissioner that Ms. Young was responsible for any significant or undue delays. Further, as Ms. Young points out in her motion, she undertook a risk when she accepted Plaintiff's Social Security appeal as it had already been rejected multiple times. Ms. Young accepted the representation of the case at a time when Plaintiff's claim had

been determined to be worth nothing. Ms. Young's representation of Plaintiff resulted in an award of past-due benefits worth over $80,000.

This level of success is not a typical result in a Social Security disability case. In this District, approximately 35% of the Social Security disability cases are remanded. Obviously, not all remanded cases receive an award of past-due benefits. In 65% of the Social Security disability cases filed in the Eastern District of Missouri, the ALJ's denial of benefits is affirmed, leaving the plaintiffs without benefits and plaintiffs' counsel with no possible attorneys fee. The Court finds the results achieved under Ms. Young's representation demonstrate the requested attorney's fee is reasonable. The Court finds Ms. Young's representation was not substandard or deficient. Nor did counsel delay the proceedings or take any other action to increase the potential benefits from which the fee was payable.

Next, the Court must consider whether the "benefits are large in comparison to the amount of time counsel spent on the case" and should "disallow 'windfalls for lawyers.'" *Gisbrecht*, 535 U.S. at 808 (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (en banc)). The award requested would result in an hourly rate of $554.52 for 25.70 hours of attorney services ($14,251.23 ÷ 25.70 hours). This fee amount is not unreasonable for Social Security cases, as other similar cases have awarded comparable results. *See, e.g.*, *Brown v. Kijakazi*, 2023 WL 4947824, at *3 (E.D. Mo. Aug. 3, 2023) (approving § 406(b) attorney's fees in the amount of $1,385.16 per hour); *Johnson v. Saul*, 2021 WL 2413343, at *1 (E.D. Mo. June 14, 2021) (approving § 406(b) attorney's fees in the amount of $449.00 per hour); *Long v. Saul*, 2021 WL 2588110 (N.D. Ind. June 24, 2021) (approving a total fee of $21,742 and noting that an hourly rate of $1,711.96 is within the range of rates approved by courts). Given the contingent

nature of the representation, the Court does not find the requested fee amount to be characteristic of a windfall to Plaintiff's attorney.

In sum, in light of the contingent nature of Social Security litigation, the quality of the work performed, and the results achieved in this particular case, Ms. Young's experience and expertise, and the benefit Plaintiff will receive, not only in a large past-due benefits payment, but also in ongoing future payments, Ms. Young's diligence and lack of delay, all demonstrate that the attorney's fee requested is reasonable and does not result in an unearned windfall to counsel. Therefore, the Court finds that an award of attorney's fees in the amount of $14,251.23 is reasonable in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Attorney's Motion for an Award of Attorney's Fees under 42 U.S.C. § 406(b) [ECF No. 24] is **GRANTED**. Plaintiff's counsel is awarded attorney's fees under 42 U.S.C. § 406(b) in the amount of $14,251.23 to be paid out of Plaintiff's past-due benefits in accordance with agency policy.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund Plaintiff the amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412.

So Ordered this 22nd day of September, 2023.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE